**Commonwealth v. Livingston**

*Alexander Ogle,* District Attorney, for the Commonwealth.

*John J. Barbara,* for defendant.

COFFROTH, P. J., October 26, 1971.—This is an appeal from a summary conviction for failure to stop at a stop sign. As happens too often, the merits of the case are lost amid a welter of technical legal contentions and maneuvers.

First, the Commonwealth moves to quash the appeal on the ground that defendant in taking it did not file a bail undertaking. Defendant did pay the fine and costs and, in taking the appeal, also deposited $25 with the clerk of court. Under section 3 of the Minor Judiciary Court Appeals Act, defendant did all that was required; the bail undertaking is provided for only as an alternative to payment of fine and costs and the deposit: 42 PS §3003. The motion to quash is denied.

Second, defendant moves to quash on a number of technical grounds: that the magistrate did not use the forms prescribed by the new rules, that the complaint is not endorsed as prescribed by rule 106, that the address by the affiant is not given and that the day, time and place of the offense are not stated in the complaint, in violation of rule 104. Such technical errors of a nonjurisdictional character cannot be raised on appeal: Commonwealth v. Miller, 27 Somerset 25. Such matters might be considered by the court on a petition for allowance of certiorari, if prejudicial. See cases cited in Miller, supra, and see Commonwealth v. Banovich, 56 D. & C. 2d 383, 26 Somerset 268. We do not believe that these technical matters are so vital to the administration of justice that defendant must be

discharged because of them, and we, therefore, decline to follow Commonwealth v. Braganini, 51 D. & C. 2d 435, cited by defendant.

Third, defendant moves to dismiss because the justice of the peace lacked jurisdiction under the nearest available magistrate rule of The Vehicle Code. It appears that the alleged offense was committed in Windder Borough were Mr. Muscatello is district magistrate under the new Constitution, but the prosecution was brought before holdover Justice of the Peace Sendek, Ogle Township. The arresting officer explains that he was working a double nightshift and was about to go on vacation in a day or two following this arrest, that Mr. Muscatello had no evening hours on those days and could not be reached by telephone, and that the officer, therefore, went to Ogle Township to file the prosecution before going on his vacation. In doing so, he also passed holdover Justice of the Peace Hissong in Paint Township whom the officer tried unsuccessfully to reach.

We must dismiss on jurisdictional grounds. The proper place to file this prosecution was at Mr. Muscatello's office in Windber. He was available; he has regular daily office hours, the complaint could be filed at any time within 15 days and it is elementary that a complaint need not be filed by the arresting officer but may be filed by another member of the department on information and belief: Commonwealth v. Rapple, 49 D. & C. 2d 559; Commonwealth v. Hunt, 45 D. & C. 2d 522; Commonwealth v. Maute, 43 D. & C. 2d 203. Where a magistrate has fixed reliable and regular office hours, as does every district magistrate in this county by order of this court (no. 4 Special, 1971), he cannot be said to be unavailable; even in emergencies outside of those hours, another district magistrate is

and must always be available, again, by order of this court (no. 14 Special, 1971), as all law enforcement personnel have been informed. It was the arresting officer, not the magistrate, who was unavailable in this case; we can sympathize with his double nightshift assignment and his anticipation of vacation, but these are his personal concerns and cannot be allowed to govern rules of law.

In Commonwealth v. Simpson (no. 25, February sessions, 1970), we upheld the jurisdiction of this Ogle Township justice of the peace in an offense committed in Windber Borough because (1) Mr. Muscatello as yet had no established office, was inactive and truly unavailable; (2) Mr. Hissong in Paint Township was unavailable when the arresting officer tried to contact him; and (3) Mr. Hissong had no regular office hours and the officer had no assurance when or if the justice would be available. Now the situation is materially altered; the district magistrate has a full-time office and secretary and regular hours. He is available and the Simpson ruling is no longer applicable.

We take this opportunity to point out the basic governing principles in this legal maze, created by the nearest available magistrate rule, which we fully discussed in Commonwealth v. Ansell, 56 D. & C. 2d 759, 26 Somerset 248:

1. The nearest available magistrate rule applies only to vehicle code cases brought before a holdover justice of the peace. It means that such a justice, like Mr. Sendek in Ogle Township, has jurisdiction in vehicle code cases only when he is the nearest available magistrate in fact. In this case he does not qualify; he lacks not merely venue but jurisdiction and the entire prosecution is void and must be dismissed on appeal or whenever and at whatever stage of the proceedings

the defect appears. Therefore, we must dismiss this case. We are not sympathetic with that rule, but, fortunately, it will disappear as the terms of holdover justices expire.

2. In the case of district magistrates, vehicle code cases must be filed before the district justice in whose district the offense occurred, and may be filed there even though he is not the nearest available. Moreover, if the case is filed before the wrong district justice, the defect is one of venue, not jurisdiction, and must be raised in a special way, as prescribed in rule 155; it cannot be raised on appeal. If properly raised, the case is transferred, not dismissed.

3. The nearest available magistrate rule of jurisdiction applies only to vehicle code violations. In other offenses, we apply the venue rule even as to holdover justices and do not permit the question of whether the proper justice of the peace was utilized to be raised on appeal. Thus, in Ansell, on appeal we upheld a shoplifting prosecution brought before the wrong magistrate; similarly in a recent prosecution for a disorderly conduct offense committed in Windber Borough, but filed in Ogle Township after Mr. Muscatello's office was opened, we upheld the conviction on appeal even though brought before the wrong magistrate, because it was not a vehicle code case and the filing error was not properly raised by certiorari. Unfortunately we cannot do that in a vehicle code prosecution brought before a holdover justice who is not the nearest available magistrate.

## ORDER

Now, October 26, 1971, the complaint is dismissed and defendant is discharged. Costs on the county.